IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HDR MARINE, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 3:23-cv-00062-JMK<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

At Docket 8, the United States of America ("the United States" or "the Government") moves for dismissal of HDR Marine, LLC's complaint for lack of subject matter jurisdiction. HDR Marine, LLC ("HDR Marine") responded in opposition at Docket 10. The United States replied at Docket 11. The Court took the motion under advisement without oral argument.

As explained below, the United States' *Motion to Dismiss* is **GRANTED**.

## I. BACKGROUND

The Court takes the facts alleged in HDR Marine's Amended Complaint as true for the purposes of the present motion.

On April 13, 2021, HDR Marine entered into a contract with the National Oceanic and Atmospheric Administration ("NOAA") to charter a vessel to deploy and

recover oceanographic equipment in the Bering and Chukchi Seas off the west coast of Alaska.[1] However, for reasons that are not material here, the United States terminated the contract for convenience on October 28, 2021.[2] Between December 2021 and September 2022, the parties engaged in settlement negotiations through a series of letters and emails.[3] In May 2022, HDR Marine provided the United States with a Final Settlement Proposal.[4]

Ultimately, on September 9, 2022, the United States' Contracting Officer with respect to the parties' agreement issued a Final Determination Letter regarding HDR's settlement proposal.[5] HDR Marine then filed the instant action and alleged in its First Amended Complaint that the United States breached the parties' contract and wrongfully terminated the contract for convenience.[6]

## II. LEGAL STANDARD

A party may move to dismiss an action where the federal court lacks subject matter jurisdiction.[7] If "at any time" the Court determines that it lacks subject matter jurisdiction, it must dismiss the case.[8] A party moving to dismiss for lack of subject matter jurisdiction may either present a facial attack or a factual attack.[9] "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face

---

[1] Docket 6 at 2–3; Docket 6-2.
[2] Docket 6-7.
[3] Docket 6 at 6–8.
[4] Id. at 7.
[5] Id. at 7–8; Docket 6-8.
[6] See Docket 1; Docket 6 at 9–10.
[7] See Fed. R. Civ. P. 12(b)(1).
[8] Fed. R. Civ. P. 12(h)(3).
[9] See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

*HDR Marine v. United States of America*　　　　　　　　　　　　　　　　Case No. 3:23-cv-00062-JMK
Order Granting Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 3:23-cv-00062-JMK　　Document 12　　Filed 01/24/24　　Page 2 of 10

to invoke federal jurisdiction."[10] "When reviewing a [facial] dismissal pursuant to Rule 12(b)(1) . . ., 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[], the non-moving party.'"[11] "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."[12] "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."[13] Ultimately, the party seeking to invoke the federal court's jurisdiction bears the burden of establishing jurisdiction.[14]

### III. DISCUSSION

The Government mounts an attack on this Court's subject matter jurisdiction over the present action. It argues that this Court lacks jurisdiction because HDR Marine did not comply with the requirements of the Contract Disputes Act ("CDA" or "the Act") and thus did not trigger the Act's limited waiver of the United States' sovereign immunity.[15]

HDR Marine maintains that it complied with the requirements of the Act as it submitted a settlement proposal that ripened into a certified claim under the CDA and that it cured any defect with its initial certification.[16]

---

[10] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[11] *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (second alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).
[12] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[13] *Id*.
[14] See *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).
[15] Docket 8 at 4.
[16] Docket 10 at 13–22.

A. **The Contract Disputes Act Provides of Limited Waiver of Sovereign Immunity With Respect to Federal Procurement Contracts**

Unless it waives its sovereign immunity, the United States is immune from suit for damages.[17] Accordingly, a "waiver of sovereign immunity is a prerequisite to federal-court jurisdiction."[18] And, where jurisdiction is premised on a waiver of sovereign immunity, that waiver "cannot be implied but must be unequivocally expressed."[19] Waivers of sovereign immunity must be strictly construed in favor of the United States.[20]

The CDA, 41 U.S.C. § 7101 *et seq.*, is a comprehensive statutory scheme for resolving disputes involving "any express or implied contract . . . entered into by an executive agency for . . . the procurement of services."[21] When the Act applies, it is the exclusive mechanism for dispute resolution between a contractor and the United States government.[22] The Act also provides a limited waiver of the United States' sovereign immunity.[23]

---

[17] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").
[18] *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011).
[19] *United States v. King,* 395 U.S. 1, 4 (1969) (quoting *United States v. Sherwood,* 312 U.S. 584 (1941)).
[20] *See, e.g., Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983); *accord Delaware Cornerstone Builders, Inc. v. United States,* 117 Fed. Cl. 539, 546 (2014) (requiring strict construction of the Contract Disputes Act's waiver of sovereign immunity).
[21] 41 U.S.C. § 7102(a)(2).
[22] *See Dalton v. Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1017 (Fed. Cir. 1995).
[23] *See* 41 U.S.C. § 7102(a); *see also Allianz Glob. Risks US Ins. Co. v. United States*, No. 21-CV-1202-BAS-BGS, 2022 WL 1271140, at *6 (S.D. Cal. Apr. 28, 2022) (citing *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1370 (Fed. Cir. 2009)).

For most government contracts, the Act creates an administrative dispute resolution process, the outcome of which may be appealed to an agency board of contract appeals or the Federal Court of Claims.[24] However, with respect to "maritime contracts," the CDA locates jurisdiction in the federal courts, under the Suits in Admiralty Act, 46 U.S.C. § 30901 *et seq*.[25] In either case, a government contractor must exhaust certain administrative remedies as a precondition to suit.[26] Specifically, before the United States may be sued under the CDA, a contractor must submit its dispute as a claim in writing to the contracting officer within six years of its accrual, and the contracting officer must issue to the contractor a final written decision on the claim.[27] Furthermore, "[f]or claims of more than $100,000 made by a contractor, the contractor shall certify that (A) the claim is made in good faith; (B) the supporting data are accurate and complete to the best of the contractor's knowledge; (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable, and (D) the certifier is authorized to certify the claim on behalf of the contractor."[28]

Although the CDA "places jurisdiction for CDA claims arising out of maritime contracts in the federal district courts . . .[,] [it] does not exempt a contractor bringing a CDA claim arising out a maritime contract from the requirement of first bringing

---

[24] 41 U.S.C. § 7104(a) & (b).
[25] 41 U.S.C. § 7102(d) ("Appeals under section 7107(a) of this title and actions brought under sections 7104(b) and 7107(b) to (f) of this title, arising out of maritime contracts, are governed by chapter 309 [the Suits in Admiralty Act] or 311 [the Public Vessels Act] of title 46, as applicable, to the extent that those chapters are not inconsistent with this chapter.").
[26] *See Southwest Marine, Inc. v. United States*, 926 F. Supp. 142, 145 (N.D. Cal. 1995).
[27] *See* 41 U.S.C. § 7103(a); *see also* 41 U.S.C. § 7103(d).
[28] 41 U.S.C. § 7103(b)(1).

*HDR Marine v. United States of America*     Case No. 3:23-cv-00062-JMK
Order Granting Motion to Dismiss     Page 5
Case 3:23-cv-00062-JMK    Document 12    Filed 01/24/24    Page 5 of 10

the claim to the contracting officer."[29]  Indeed, the Act "has been carefully drafted to give jurisdiction to the federal district courts only *after* the administrative remedies mandated by the CDA have been exhausted."[30]

## B. This Court Lacks Jurisdiction Because HDR Marine Failed to Submit a Certified Claim as Required by the CDA

The United States asserts that this Court lacks jurisdiction in this case because HDR Marine did not exhaust the administrative remedies in the CDA.  It argues that HDR Marine did not submit a valid, certified claim to the contracting officer.[31]  HDR Marine responds that it submitted settlement proposals that ripened into a claim under the CDA.[32]  Moreover, it argues that this initial claim substantially complied with the statute's certification requirement and that it has cured any defect that may have existed at first.[33]

In general, "[a] settlement proposal is just that:  a proposal" and does not constitute a "claim" within the meaning of the CDA.[34]  However, a settlement proposal can ripen into a CDA claim once negotiations reach an impasse and the contractor explicitly requests a decision on settlement as "[t]his demand is tantamount to an express request for a contracting officer's decision."[35]  Furthermore, written settlement offers submitted to a contracting officer are "nonroutine submissions" that meet the definition of a "claim" under the Federal Acquisition Regulation that implements the CDA.[36]  In *Ellett*, the Court of

---

[29] *Southwest Marine*, 926 F. Supp. at 145.
[30] *Id.* at 144 (emphasis in original).
[31] Docket 8 at 11–18.
[32] Docket 10 at 16–17.
[33] *Id.* at 18–22.
[34] *James M. Ellett Const. Co. v. United States*, 93 F.3d 1537, 1543–44 (Fed. Cir. 1996).
[35] *Id.* at 1544.
[36] *Id.* at 1542–43 (discussing the requirements of 48 C.F.R. § 33.201).

Appeals for the Federal Circuit concluded that a settlement proposal became a claim "[o]nce negotiations reached an impasse, [and] the proposal, by the terms of the FAR and the contract, was submitted for decision."[37]

The United States argues that the settlement proposals that HDR Marine submitted in the course of this dispute are not like those that ripened into a certified claim in *Ellett* because HDR Marine did not submit anything to the United States that approximated the certification language required for CDA claims.[38] The Government insists that this is not a case where certification was defective, but one in which there was no certification whatsoever.[39] And it argues that the contracting officer's decision on the uncertified claim does not provide a waiver of this jurisdictional requirement.[40]

HDR Marine responds that it expressly identified the impasse in negotiations to the contracting officer and "on numerous occasions [made] express demands for a final decision from the Government."[41] Furthermore, it asserts that its communications with the Government, though they did not include the specific certification required in the CDA, satisfactorily indicated that HDR Marine met the four requirements that a contractor must certify.[42] It also states that it has now cured its defective certification.[43]

---

[37] *Id.* at 1544.
[38] Docket 8 at 14.
[39] *Id.* at 15–16.
[40] *Id.* at 16–17.
[41] Docket 10 at 16.
[42] *Id.* at 18–22.
[43] *Id.* at 21 (suggesting that Heather Ronek's declaration at Docket 10-19 certifies HDR Marine's claim).

*HDR Marine v. United States of America*  Case No. 3:23-cv-00062-JMK
Order Granting Motion to Dismiss  Page 7
Case 3:23-cv-00062-JMK   Document 12   Filed 01/24/24   Page 7 of 10

The settlement communications between the parties demonstrate that HDR Marine stated that the parties were at an impasse and made "an express request for a contracting officer's decision."[44] However, the communications contain none of the four certifications required by the CDA.[45] Thus, HDR Marine failed to submit a valid, certified CDA claim.

Even where courts have concluded or assumed that settlement offers could be characterized as CDA claims, they have concluded the jurisdictional prerequisites of the CDA are not met where the settlement offer lacks a claim certification or language that corresponds to that of the CDA.[46] For example, in *Ellett*, the court found it crucial that the settlement proposal used a standard form that contained similar language to that of the CDA certification.[47] And courts have been equally clear that "[f]ailure to certify shall not be deemed defective certification."[48] "A contractor must make some good faith attempt at a responsive certification in the first instance for this court to find a defective certification."[49]

---

[44] *James M. Ellett Const. Co.*, 93 F.3d at 1544; *see* Docket 10-14 at 1 (HDR Marine representative's email stating that the parties were at an impasse); *see also* Docket 10-17 at 1 (email noting prior requests for a final determination on HDR's settlement offer and expressly requesting a final determination).
[45] *See* 41 U.S.C. § 7103(b)(1).
[46] *See, e.g., L-3 Commc'ns Integrated Sys. L.P. v. United States*, 132 Fed. Cl. 325, 333 (2017); *Scan-Tech Sec., L.P. v. United States*, 46 Fed. Cl. 326, 336 (2000).
[47] *James M. Ellett Const. Co.*, 93 F.3d at 1545.
[48] 48 C.F.R. § 33.201; *see also L3 Commc'ns Integrated Sys. L.P.*, 132 Fed. Cl. 325, 334 (2017) (collecting cases).
[49] *Scan-Tech Sec., L.P. v. United States*, 46 Fed. Cl. 326, 335 (2000) (citing *Pevar Co. v. United States*, 32 Fed. Cl. 822, 825 (1995)).

*HDR Marine v. United States of America*  Case No. 3:23-cv-00062-JMK
Order Granting Motion to Dismiss  Page 8
Case 3:23-cv-00062-JMK   Document 12   Filed 01/24/24   Page 8 of 10

Although HDR Marine maintains that its March 10, 2022, and May 5, 2022, letters include the required certifications, it fails to identify any specific statements that they constitute certifications.[50] The Court's review of these letters confirms that they do not contain the required certification language, language approximating the certifications, or discussion relevant to any of the four concerns the required certifications seek to address.[51] Therefore, while HDR Marine's final settlement proposal and other communications might constitute a CDA claim, HDR Marine's failure to include any certification language or an approximation thereof was a failure to certify its claim.

Furthermore, Ms. Ronek's declaration, which provides the requisite CDA certifications, cannot cure this issue and provide this Court jurisdiction. Certification provided after litigation commences is not sufficient to confer jurisdiction.[52]

HDR Marine failed to submit a valid, certified claim prior to filing its complaint in this Court. Therefore, it did not exhaust the administrative remedies mandated by the CDA and this Court lacks jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** HDR Marine's Complaint. The Clerk of Court is respectfully instructed to enter final judgment and close the case.

---

[50] Docket 10 at 18.
[51] *See* Docket 10-9 (March 10, 2022, letter); Docket 10-11 at 19–20 (May 5, 2022, letter).
[52] *Scan-Tech Sec., L.P. v. United States*, 46 Fed. Cl. 326, 339–40 (2000) (noting that a certification provided in the context of litigation failed because it "furnished its certification to the court, not to the contracting officer, and even if it had submitted it to the contracting officer, such an act would have been futile, as the case was already in litigation and the contracting officer therefore was without authority at that point").

*HDR Marine v. United States of America*  Case No. 3:23-cv-00062-JMK
Order Granting Motion to Dismiss  Page 9
Case 3:23-cv-00062-JMK   Document 12   Filed 01/24/24   Page 9 of 10

IT IS SO ORDERED this 24th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*HDR Marine v. United States of America*     Case No. 3:23-cv-00062-JMK
Order Granting Motion to Dismiss     Page 10
Case 3:23-cv-00062-JMK    Document 12    Filed 01/24/24    Page 10 of 10